**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WALTER J. SIMS, JR.**  **PETITIONER**
**ADC #134577**

**VS.**          **CASE NO.: 5:12CV00458 DPM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**       **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

  Mail your objections and "statement of necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.**  **Introduction**

  Petitioner Walter J. Sims, Jr., filed this 28 U.S.C. § 2254 habeas petition challenging his conviction for murder in the first degree. (Docket entry #2) Mr. Sims previously challenged the same conviction in a habeas corpus petition filed with this Court. *Sims v. Hobbs*, Case No. 5:12CV00043 (E.D. Ark., dismissed July 13, 2012). Because the current petition is an unauthorized second or successive habeas petition, Judge Marshall should summarily dismiss the petition, without prejudice.

**III.**  **Discussion**

  Before filing a second or successive habeas petition in district court under § 2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1] Summary dismissal of a habeas corpus petition – prior to any

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

answer or other pleading being filed by the State – is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of the instant habeas corpus petition, read together with other court records, it is obvious that this petition is a successive petition. Here Mr. Sims challenges the same conviction as the one challenged in his earlier petition. And he does not allege or provide evidence that he has sought or received authorization from the Court of Appeals to file a successive petition. Accordingly, this Court has no jurisdiction to consider the merits of this petition.

## IV.    Conclusion

The Court recommends that Judge Marshall dismiss Walter J. Sims's petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. All pending motions should be denied as moot.

DATED this 4th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE